## IN RE WALLACE'S ESTATE.

[No. 10,972. Filed June 23, 1921. Rehearing denied October 26, 1921. Transfer denied December 8, 1921.]

1. TAXATION.—*Inheritance Taxes.*—*Death in Military Service.*—*Exemptions.*—*Statutes.*—Under Acts 1919 p. 823, §1, providing that the inheritance tax law shall not apply to the transfer of the estate of any decedent leaving an estate of less than $25,000 dying while in the military or naval forces of the United States during the war with Germany, an estate of the net value in excess of $25,000 is not exempt to the extent of that amount. p. 97.

2. COURTS.—*Appeals.*—*Failure of Appellee to File Briefs.*—*Rehearing.*— *Questions Reviewable.*— *Constitutionality of Statute.*—Where appellee failed to file briefs on the original hearing in the Appellate Court, he cannot complain in petition for rehearing that a constitutional question was involved, and that the case was therefore one for the Supreme Court. p. 97.

3. COURTS.—*Statutes.*—*Construction. — Constitutionality. — Presenting for Review.*—The court on appeal, in determining whether a constitutional question is involved, must construe a statute according to its plain, unequivocal terms, and if, when

so considered, a constitutional question is involved, it is appellant's duty by proper procedure to present the question to the tribunal having jurisdiction. p. 97.

From Marion Probate Court; *Mahlon E. Bash,* Judge.

Proceedings for the determination of an inheritance tax in the matter of the estate of W. Noble Wallace, deceased. From an order allowing exemptions and ordering the administrator to pay inheritance tax upon balance, an appeal is taken. *Reversed.*

*U. S. Lesh,* Attorney-General, *Edward M. White* and *James M. Berryhill,* for appellant.

*Harold Taylor,* for appellee.

NICHOLS, P. J.—This was a proceeding for the determination of an inheritance tax in the matter of the transfer of the estate of W. Noble Wallace, deceased, who died October 9, 1918. He was a soldier in the war with Germany and was killed in action October 9, 1918. The question involved is whether Lew Wallace, Jr., beneficiary under the will of said W. Noble Wallace, deceased, is entitled to have $25,000 of the estate exempted from inheritance tax. The estate amounted to $124,867.05, consisting of real and personal property. The deductions amounted to $500, leaving a net estate of $124,367.05. The probate court allowed the beneficiary an exemption of $25,000 and ordered the administrator of the estate to pay an inheritance tax upon the balance of said estate after deducting $25,000 as a special soldier's exemption. If such an exemption can be allowed it must be by the terms of Acts 1919 p. 823. Section 1 of this act reads as follows: "That the taxes provided for by the inheritance tax law, approved February 28, 1913, and in all acts supplementary thereto, shall not apply to the transfer of the estate of any decedent leaving an estate of less than $25,000 dying or who has died while serving in the military or naval

forces of the United States during the continuance of the war in which the United States is now, or has been engaged or if death results from injuries received or disease contracted in such service, within one (1) year after the termination of such war; but that such tax shall be remitted by the state. For the purpose of this law the termination of the war shall be evidenced by the proclamation of the President of the United States." We find no other legislative enactment concerning the question involved.

It will be observed by the foregoing section that it provides that the inheritance tax law "shall not apply to the transfer of an estate of any decedent *leaving*

1. *an estate of less than $25,000."* (Our italics.)

But the net value of the estate under consideration was more than $25,000, to wit: $124,367.05. It is therefore apparent that the inheritance tax law of this state does apply in the transfer of the estate here involved. The order of the probate court is therefore reversed, with instructions to the court to order the administrator of the estate of W. Noble Wallace, deceased, to pay an inheritance tax upon said estate in accordance with the inheritance tax law of the state without exempting from such estate the said sum of $25,000.

## ON PETITION FOR REHEARING.

NICHOLS, P. J.—Appellee having originally failed to favor us with a brief in response to appellant's able brief, now contends in support of his petition for

2, 3. rehearing that the construction put upon the statute involved would make it unconstitutional, and that where there is enough in argument of counsel to fairly indicate that they sincerely believe that a constitutional question is involved, and also to supply a fair

reason for that belief, the question is one for the Supreme Court. But there was no "argument" before us by counsel when the question was presented upon the original hearing, and there was no suggestion that a constitutional question might be involved. Appellee not having suggested such a question originally, he cannot now be heard. For that matter, this court is of the opinion that no such question is involved, but whether it is or not, it is the duty of this court to place a construction upon the statute according to its plain, unequivocal terms. When so construed, if there is a constitutional question it is for appellant, by proper procedure, to present that question to the tribunal having jurisdiction thereof.

Petition for rehearing overruled.